UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

INSURANCE CORPORATION OF
HANNOVER, a foreign corporation,

       Plaintiff, Counter-Defendant,

v.                                    Case No.  5:04-cv-539-Oc-10GRJ

ANTONIO LOPEZ,

       Defendant, Counter-Claimant.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Counter-Defendant Insurance Corporation of Hannover's ("Hannover") Motion to Strike/ Motion to Dismiss Count III to Counterclaim. (Doc. 9.)  Defendant, Antonio Lopez ("Lopez") has filed a memorandum in response (Doc. 10) and, therefore, the matter is ripe for review. For the reasons discussed below, Hanover's Motion To Dismiss Count III of the Counterclaim is due to be **GRANTED** to the extent that Count III of the Counterclaim shall be abated until the issue of liability under the subject policy has been resolved.

## I. BACKGROUND

On December 3, 2004, Hannover initiated this action by filing a Complaint seeking declaratory relief, rescission, and reformation of an insurance policy issued by Hannover to Mr. Lopez, the insured party.  The policy, issued on April 6, 2004, provided livestock mortality, accident, sickness or disease, and stallion infertility insurance on two

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

horses owned by Mr. Lopez.  On July 14, 2004, one of the horses covered by the policy

died.  The next day Hannover mailed to Mr. Lopez a notice announcing Hannover's

intention to cancel the policy based on "material misrepresentations" made by Mr.

Lopez when applying for the policy.  Due to Mr. Lopez's alleged misrepresentations,

Hannover requests in its complaint that the Court issue a declaration that the insurance

policy is either void or voidable, or that the death of the horse is not covered under the

policy.  Additionally, Hannover asks the Court to either rescind the policy or reform the

policy, such that it would not provide any coverage related to the deceased horse.

On December 8, 2004, Mr. Lopez filed his Counterclaim against Hannover,

asserting three separate counts against the insurance company.  The first two counts

are for breach of contract for denying Mr. Lopez's claim and for improperly canceling the

policy.  Among the damages sought by Mr. Lopez for the alleged breaches are punitive

damages due to Hannover's "deliberate and egregious actions."  In Count III of the

Counterclaim, Mr. Lopez brings a claim for bad faith, pursuant to Florida Statutes §

624.155,[2] alleging that Hannover failed to attempt in good faith to settle the claim and

failed to include specific reasons for the cancellation of the policy in the notice sent to

Mr. Lopez.

## II. DISCUSSION

Count III of Mr. Lopez's Counterclaim seeks a statutory civil remedy, pursuant to

Florida Statutes § 624.155 for Hannover's alleged bad faith for failing to attempt to settle

---

[2] Florida Statutes § 624.155 reads, in relevant part, "Any person may bring a civil action against an insurer when such person is damaged . . . [b]y the commission of any of the following acts by the insurer: 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests . . . ."

the claim and for cancelling the policy without adequate reasons. Relying upon a line of Florida cases[3] - all of which provide that a claim for bad faith against an insurer does not accrue and, therefore, is premature until insurance coverage has been determined - Hanover requests that the Court dismiss Count III of the Counterclaim.

Lopez argues that *Vest*[4] and *Blanchard*[5] are inapposite because unlike the situations in *Vest* and *Blanchard*, recovery under the policy in this case is not conditioned upon proof of a third-party's liability. Although both *Vest* and *Blanchard* stemmed from claims against the insured by third party tortfeasors, the rule in *Vest* and *Blanchard* has not been limited to claims only involving proof of a third party's liability. To the contrary, the rule that bad faith claims are premature until liability under the first party policy has been determined has been applied to a broad array of claims against insurers, including claims for failing to pay their insureds under long term disability insurance policies,[6] collision benefits under an automobile policy,[7] damages to a

---

[3] Vest v. Travelers Insurance Co., 753 So. 2d 1270, 1276 (Fla. 2000).  See also Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So. 2d 1289, 1291 (Fla. 1991) ("[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue."); Doan v. John Hancock Mutual Life Insurance Co., 727 So. 2d 400, 403 (Fla. Dist. Ct. App. 1999) (finding that the holding in Blanchard was not limited to cases involving uninsured motorist insurance and receding from a previous decision from the same Florida District Court of Appeal, in which it held to the contrary).

[4] 753 So.2d 1270 (Fla. 2000).

[5] 575 So.2d 1289 (Fla. 1991).

[6] Doan, 727 So.2d 400; *see also,* Fishkin v. The Guardian Life Insurance Company of America, 22 F.Supp.2d 1365 (S.D. Fla. 1998)("Plaintiff cannot assert his bad faith claim based on Guardian's denial of his claim ... until liability ... [has] been resolved on the underlying causes of action.").

[7] Allstate Insurance Co. v. Baughman, 741 So.2d 624 (Fla. Dist. Ct. App. 1999)

building from a fire under a builder's risk policy,[8] and hurricane damages to a property under a property insurance policy.[9]

Here, Hanover claims that it is not required to pay under the policy because of misrepresentations allegedly made by Lopez, which void all coverage for the loss to the horse. Until a determination has been made that Hanover is liable on the subject policy it is simply premature for Lopez to prosecute a claim for bad faith under § 624.155. The preferred approach, however, for addressing a premature claim for bad faith is to abate the bad faith claim until the liability of the insurer under the policy has been determined, rather than dismissing the claim.[10]

Accordingly, Count III of the counterclaim should be abated until such time as the Court has determined whether Hanover is liable to pay under the subject policy for the claimed loss.

Lastly, in its answer to the Counterclaim, Hanover asserts that the claim for punitive damages in Count II of the Counterclaim is inappropriate because Lopez failed to comply with the pleading requirements of Fla. Stat. 768.83.[11]  However, § 768.72,

---

[8] Hartford Insurance Company v. Mainstream Construction Group, 864 So.2d 1270, 1272 (Fla. Dist. Ct. App. 2004)("We conclude that these claims [bad faith claims by an insured who seeks to sue his own insurance company] may only be brought after coverage and contractual issues between the insured and the insurer are resolved ... ").

[9] Liberty Mutual Insurance Company v. The Farm, Inc., 754 So.2d 865 (Fla. Dist. Ct. App. 2000).

[10] See, Mainstream Construction Group, 864 So.2d at 1273 ("The trial court should either dismiss count IV without prejudice or abate count IV pending resolution of the coverage issues"); Baughman, 741 So.2d at 626 (directing lower court to dismiss without prejudice or abate the bad faith claim until the breach of contract claim was resolved.)

[11] The statutory section, § 768.83, cited by Hannover appears to be nonexistent.  From the context and subject-matter of Hannover's argument, the Court concludes that Hannover intended to cite Fla. Stat. § 768.72, pertaining to punitive damages, and will refer to that section for the remainder of this Report and

(continued…)

which prohibits the pleading of claims for punitive damages "unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for the recovery of such damages," does not apply in federal court.  In *Cohen v. Office Depot, Inc.*[12] the Eleventh Circuit held that the pleading requirements of § 768.72 conflict with the notice pleading requirements of Rule 8(a)(3) of the Federal Rules of Civil Procedure and, thus, do not apply in federal diversity actions. Accordingly, Hanover's request to strike the claim for punitive damages solely based on § 768.72 must be rejected. [13]

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Hannover's Motion to Dismiss Count III to Counterclaim (Doc. 9) be **GRANTED**, and Count III of the Counterclaim be **ABATED** until the issue of liability by Hanover under the policy has been determined.

**IN CHAMBERS** in Ocala, Florida, on June 10, 2005.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges
United States District Judge

Counsel of Record

---

[11](...continued)
Recommendation.

[12] 184 F.3d 1292, 1295-99 (11th Cir. 1999), vacated in part, 204 F.3d 1069 (11th Cir. 2000).

[13] Hanover has not requested that the claim for punitive damages be stricken because it is included in a count claiming breach of contract. It is universally established that punitive damages are not recoverable for breach of contract in the absence of an independent tort. However, because no request to strike the claim for punitive damages has been made on this ground the Court does not need to address this issue.